**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4327**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

HENRY ALEXANDER BERRIOS, a/k/a Blackie,

                    Defendant – Appellant.

**No. 08-4328**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

SANTOS CARILLO-MORALES, a/k/a Santos Guillermo Carillo-Morales, a/k/a Santo Guiller Carillo-Morales, a/k/a Polaco,

                    Defendant – Appellant.

**No. 08-4365**

UNITED STATES OF AMERICA

                    Plaintiff – Appellee,

          v.

DANIEL ALBERT BONILLA-DELCID, a/k/a Slow,

                Defendant – Appellant.

                        ─────────────

                        **No. 08-4385**

                        ─────────────

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

        v.

RIGOBERTO HERNANDEZ PORTILLO, a/k/a Tiny, a/k/a Carlos
Antonio Martinez,

                Defendant – Appellant.

                        ─────────────

                        **No. 08-4403**

                        ─────────────

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

        v.

CESAR OMAR HERNANDEZ-PEREZ, a/k/a Mandrake,

                Defendant – Appellant.

                        ─────────────

Appeals from the United States District Court for the Eastern
District of Virginia, at Alexandria. Gerald Bruce Lee, District
Judge.   (1:07-cr-00081-GBL-5;  1:07-cr-00081-GBL-7;  1:07-cr-
00081-GBL-3; 1:07-cr-00081-GBL-4; 1:07-cr-00081-GBL-1)

                        ─────────────

Submitted: September 9, 2010      Decided: October 15, 2010

                        ─────────────

Before SHEDD and KEENAN, Circuit Judges, and Robert J. CONRAD, Jr., Chief United States District Judge for the Western District of North Carolina, sitting by designation.

———————

Affirmed by unpublished per curiam opinion.

———————

Michael S. Nachmanoff, Federal Public Defender, Frances H. Pratt, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Cesar Omar Hernandez-Perez; Gregory E. Stambaugh, LAW OFFICE OF GREGORY E. STAMBAUGH, Manassas, Virginia, for Henry Alexander Berrios; Daniel T. Lopez, LOPEZ MELEEN & SPRANO PLC, Fairfax, Virginia, for Santos Carillo-Morales; John O. Iweanoge, II, THE IWEANOGES' FIRM, PC, Washington, D.C., for Daniel Albert Bonilla-Delcid; Dwight E. Crawley, LAW OFFICE OF DWIGHT E. CRAWLEY, Arlington, Virginia, for Rigoberto Hernandez Portillo. Dana J. Boente, United States Attorney, Patrick F. Stokes, Beth N. Gibson, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for the United States.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cesar Omar Hernandez-Perez, Daniel Albert Bonilla-Delcid, Rigoberto Hernandez Portillo, Henry Alexander Berrios, and Santos Carillo-Morales appeal their convictions for four counts of committing violent crimes in aid of racketeering (VICAR), in violation of 18 U.S.C. § 1959. The convictions arise out of an October 15, 2005, attack by thirteen members of Mara Salvatrucha (MS-13) on M.N., a fifteen-year old member of a rival gang, and two of his friends outside a mall in Springfield, Virginia.

On appeal, the defendants challenge the sufficiency of the evidence supporting their convictions. "In reviewing the sufficiency of the evidence, our role is limited to considering whether there is substantial evidence, taking the view most favorable to the Government, to support the conviction." United States v. Delfino, 510 F.3d 468, 471 (4th Cir. 2007). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc).

To prove a VICAR violation, the Government must show:

(1) that the organization was a RICO enterprise, (2) that the enterprise was engaged in racketeering activity as defined in RICO, (3) that the defendant in question had a position in the enterprise, (4) that the defendant committed the alleged crime of violence,

4

and (5) that his general purpose in so doing was to maintain or increase his position in the enterprise.

United States v. Fiel, 35 F.3d 997, 1003 (4th Cir. 1994) (internal citation marks omitted).  The defendants contend that the evidence is insufficient to support a finding that their actions had the purpose of maintaining or increasing their role in MS-13 or to support a finding that M.N. was the object of the crime of violence.  Hernandez Portillo, Bonilla-Delcid, and Carillo-Morales also contest the sufficiency of the evidence showing that they joined the conspiracy to assault and murder M.N.  We have thoroughly reviewed the record on appeal and find more than sufficient evidence to sustain the jury's verdict on all four counts in the indictment.

In addition to challenging the sufficiency of the evidence, Berrios and Hernandez Portillo argue that the district court improperly admitted testimony that on two occasions they violently attacked a rival gang member.  We review the district court's evidentiary rulings for abuse of discretion.  United States v. Gray, 405 F.3d 227, 238 (4th Cir. 2005).  While conceding that the testimony is relevant, Berrios and Hernandez Portillo contend that it is highly prejudicial and thus inadmissible under Federal Rule of Evidence 403.  Pursuant to Rule 403, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair

prejudice."  We have reviewed the record and conclude that the district court did not abuse its discretion in admitting this evidence.

Based on the foregoing, we affirm the defendants' convictions.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED